IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| MARY UHL, | : | CIVIL DIVISION |
|         Plaintiff, | : | |
| | : | Case No.  1:23-cv-221 |
|     vs. | : | |
| | : | |
| ERIE INDEMNITY COMPANY, | : | |
| a/k/a ERIE INSURANCE EXCHANGE | : | |
| d/b/a ERIE INSURANCE, | : | |
|         Defendant. | : | |
| | : | |
| | : | COMPLAINT IN |
| | : | CIVIL ACTION |
| | : | |
| | : | |
| | : | Filed On Behalf Of Plaintiff: |
| | : | Mary Uhl |
| | : | |
| | : | |
| | : | Counsel of Record for Plaintiff: |
| | : | Michael P. Zunder, Esquire |
| | : | Zunder and Associates, P.C. |
| | : | 130 East Jefferson Street |
| | : | Butler,  PA  16001 |
| | : | Telephone No. 724-285-4786 |
| | : | |
| JURY TRIAL DEMANDED | : | PA I.D. No. 64508 |

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| **MARY UHL,** | : | **CIVIL DIVISION** |
| **Plaintiff,** | : | |
| | : | **Case No.** |
| **vs.** | : | |
| | : | |
| **ERIE INDEMNITY COMPANY,** | : | |
| **a/k/a ERIE INSURANCE EXCHANGE** | : | |
| **d/b/a ERIE INSURANCE,** | : | |
| **Defendant.** | : | |

## COMPLAINT IN CIVIL ACTION

**AND NOW**, come the Plaintiff, Mary Uhl, by and through her counsel, Michael P.

Zunder, Esquire and Zunder and Associates, P.C. and respectfully sets forth the following:

### PARTIES

1.      Plaintiff, Mary Uhl, is an adult individual residing at 101 Trinidad Street, Butler,

Pennsylvania, 16001.

2.      Defendant, Erie Insurance Exchange, hereinafter collectively referred to as "Erie",

upon information and belief, and at all relevant times herein, is a corporation with its principal

place of business located at 100 Erie Insurance Place, Erie, Pennsylvania 16530. Defendant is

licensed to sell and issue policies of automobile insurance throughout the county, and in

particular, in the Commonwealth of Pennsylvania, and is engaged in the business of doing so in

the Commonwealth of Pennsylvania to individuals and/or companies such as Mary Uhl, and

whose policy for UIM coverage is applicable to the Plaintiff herein.

### JURISDICTION

3.      This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332 (a)(1) as the

amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs. It is also

submitted that the pendant jurisdiction of this Court is invoked over any and all state court claims in view of the common nucleus of operative facts as to all claims.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) in that the accident occurred in this District.

## FACTS COMMON TO ALL PARTIES

5.    At all times material, Route 228 was and is a public roadway located in Cranberry Township, Butler County. Route 228 has a general east/west direction.

6.    On or about July 19, 2021, Plaintiff was a passenger in a 2019 Dodge Journey that was stopped for a redlight on Route 228 eastbound before Castle Creek Drive.

7.    Then and there, the third-party tortfeasor, Timothy J. Hays, owner and operator of a 2018 Hyundai Elantra was approaching the red light on Route 228.

8.    Then and there, the third-party tortfeasor, Timothy J. Hays, was operating the vehicle in such a reckless, carless and negligent manner in that he suddenly, without warning, failed to observe the vehicles on the roadway and collided with great force and violence with the vehicle(s) stopped for the red light thereby causing the injuries and damages to Plaintiff, Mary Uhl as hereinafter set forth.

9.    All of the resultant injuries and damages sustained by Plaintiff Mary Uhl were the direct and proximate result of the negligence and recklessness of the third-party tortfeasor, Timothy J. Hays while acting aforesaid, in one or more of the following particulars:

    a.    in failing to maintain a proper lookout ahead and behind his vehicle;

    b.    in failing to keep his vehicle under proper and adequate control;

    c.    in failing to keep a careful, diligent and alert watch on the road;

    d.    in striking the vehicle in which the Plaintiff was a passenger;

e.    in failing to avoid striking the vehicle in which the Plaintiff was a

passenger;

f.    in failing to keep diligent watch of the conditions of the road; and

g.    in operating his vehicle in such a reckless, careless, and negligent manner

as to strike the vehicle in which the Plaintiff was a passenger.

10.    As a direct and proximate result of the negligence of the third-party tortfeasor, Timothy J. Hays, while acting as aforesaid, Plaintiff Mary Uhl sustained a parafalcine subdural hematoma causing extensive treatment; she sustained shock and injury to her nerves and nervous system; she suffered sprain and strain to her body; she has been subjected to and may hereafter be subjected to great pain, suffering and inconvenience; she was physically thrown into an abnormal posture; she had to undergo and in the future may be required to undergo painful treatment and physical therapy; she was required to undergo and in the future may be required to undergo painful diagnostic tests, treatment and therapy for her injuries. She sustained other injuries, losses and damages. All of the foregoing may be of a permanent and continuing nature and character. She has incurred and may hereafter incur expenditures for medical care, nursing, drugs, appliances and kindred expenditures in excess of any first party benefits provided by Pennsylvanian Motor Vehicle Financial Responsibility Law.

11.    At all times material, Plaintiff had in effect full tort option motor vehicle insurance coverage, or in the alternative, her injuries were serious within the meaning of the Pennsylvania Motor Vehicle Financial Responsibility Law.

12.    As a further direct and proximate result of the third-party tortfeasor, Timothy J. Hays' above stated acts of negligence, carelessness and recklessness set forth above- Plaintiff Mary Uhl suffered and Timothy J. Hays is liable for the following damages:

a.   Past, present and future physical pain and suffering;

b.   Past, present and future mental anguish;

c.   Past, present and future humiliation and embarrassment;

d.   Past, present and future inconvenience;

e.   Past, present and future impairment of Plaintiff's ability to enjoy life; and

f.   Past, present and future impairment of Plaintiff's ability to enjoy hobbies and recreational pursuits.

13.   At all times pertinent hereto, Erie had issued an automobile insurance policy covering and insuring the owner of the motor vehicle, Mary Uhl, against certain perils. Such policy included uninsured motorist (UM) and underinsured motorist (UIM) coverage in connection with this matter. The noted policy is within the exclusive possession and control of Erie with the same being a written agreement.

14.   The Plaintiff reported this event to Erie in a timely fashion and made a claim for benefits under the aforesaid automobile insurance policy, in terms of the first party benefits, as well as Underinsured Motorist (UIM) coverage.

15.   Erie acknowledged the establishment of a first party claim under its insured, Plaintiff Mary Uhl's policy.

16.   At all times relevant hereto, liability was clear and evident against the tortfeasor.

17.   Because of the severity and permanent nature of the Plaintiff's injuries, the Plaintiff's injuries and damages were not fully compensated from the third-party tortfeasor's minimum policy and from the first-party policy of the driver of the automobile in which Plaintiff was a passenger.

18.     As a result, the Plaintiff initiated a claim for Underinsured Motorist (UIM) benefits through the aforementioned automobile insurance policy with the Defendant.

19.     Despite the permanent injuries the Plaintiff suffered, Erie essentially denied the claim of the Plaintiff by not properly evaluating her injuries such that the same was tantamount to denying the Plaintiff's claim in its entirety.

**WHEREFORE**, Plaintiff asks for the entrance of judgment in her favor against the Defendant for:

a.      compensatory damages for the harm caused by Defendant in an amount to be determined by this Court to be just, fair and reasonable;

b.      prejudgment and post judgment interest;

c.      the costs incurred in the prosecution of this matter;

d.      reasonable counsel fees;

e.      any additional damages under the facts set forth herein; and

f.      such other and further equitable and legal relief as the Court deems just and appropriate.

## COUNT I - BREACH OF CONTRACT

20.     The averments set forth in paragraphs 1 through 19 are incorporated by reference thereto as if more fully set forth herein.

21.     At all times material, Route 228 was and is a public roadway located in Cranberry Township, Butler County. Route 228 has a general east/west direction.

22.     On or about July 19, 2021, Plaintiff was a passenger in a 2019 Dodge Journey that was stopped for a red light on Route 228 eastbound before Castle Creek Drive.

23.    Then and there, the third-party tortfeasor, Timothy J. Hays, owner and operator of a 2018 Hyundai Elantra was approaching the red light on Route 228.

24.    Then and there, the third-party tortfeasor, Timothy J. Hays, was operating his vehicle in such a reckless, carless and negligent manner in that he suddenly, without warning, failed to observe the vehicles on the roadway and collided with great force and violence with the vehicle(s) stopped for the red light thereby causing the injures and damages to Plaintiff Mary Uhl, as hereinafter set forth.

25.    All of the resultant injuries and damages sustained by Plaintiff Mary Uhl were the direct and proximate result of the negligence and recklessness of the third-party tortfeasor, Timothy J. Hays while acting aforesaid, in one or more of the following particulars:

      a.    in failing to maintain a proper lookout ahead and behind his vehicle;

      b.    in failing to keep his vehicle under proper and adequate control;

      c.    in failing to keep a careful, diligent and alert watch on the road;

      d.    in striking the vehicle in which the Plaintiff was a passenger;

      e.    in failing to avoid striking the vehicle in which the Plaintiff was a passenger;

      f.    in failing to keep diligent watch of the conditions of the road; and

      g.    in operating his vehicle in such a reckless, careless, and negligent manner as to strike the vehicle in which the Plaintiff was a passenger.

26.    As a direct and proximate result of the negligence of the third-party tortfeasor, Timothy J. Hays, while acting as aforesaid, Plaintiff Mary Uhl sustained a parafalcine subdural hematoma causing extensive treatment; she sustained shock and injury to her nerves and nervous system; she suffered sprain and strain to her body; she has been subjected to and may hereafter

be subjected to great pain, suffering and inconvenience; she was physically thrown into an abnormal posture; she had to undergo and in the future may be required to undergo painful treatment and physical therapy; she was required to undergo and in the future may be required to undergo painful diagnostic tests, treatment and therapy for her injuries. She sustained other injuries, losses and damages. All of the foregoing may be of a permanent and continuing nature and character. She has incurred and may hereafter incur expenditures for medical care, nursing, drugs, appliances and kindred expenditures in excess of any first party benefits provided by Pennsylvania Motor Vehicle Financial Responsibility Law.

27.    At all times material, Plaintiff had in effect full tort option motor vehicle insurance coverage, or in the alternative, her injuries were serious within the meaning of the Pennsylvania Motor Vehicle Financial Responsibility Law.

28.    As a further direct and proximate result of the third-party tortfeasor, Timothy J. Hays' above stated acts of negligence, carelessness and recklessness set forth above- Plaintiff Mary Uhl, suffered and Timothy J. Hays is liable for the following damages:

        a.    Past, present and future physical pain and suffering;

        b.    Past, present and future mental anguish;

        c.    Past, present and future humiliation and embarrassment;

        d.    Past, present and future inconvenience;

        e.    Past, present and future impairment of Plaintiff's ability to enjoy life; and

        f.    Past, present and future impairment of Plaintiff's ability to enjoy hobbies and recreational pursuits.

29.    At all times pertinent hereto, Erie had issued an automobile insurance policy covering and insuring the owner of the motor vehicle, Mary Uhl against certain perils. Such

policy included uninsured motorist (UM) and underinsured motorist (UIM) coverage in connection with this matter. The noted policy is within the exclusive possession and control of Erie with the same being a written agreement.

30.     The plaintiff reported this event to Erie in a timely fashion and made a claim for benefits under the aforesaid automobile insurance policy, in terms of the first party benefits, as well as Underinsured Motorist (UIM) coverage.

31.     Erie acknowledged the establishment of a first party claim under its insured, Plaintiff, Mary Uhl's policy.

32.     At all times relevant hereto, liability was clear and evident against the tortfeasor.

33.     Because of the severity and permanent nature of the Plaintiff's injuries, the Plaintiff's injuries and damages were not fully compensated from the third-party tortfeasor's minimum policy or from the first-party policy of the driver of the automobile in which Plaintiff was a passenger.

34.     As a result, the Plaintiff initiated a claim for Underinsured Motorist (UIM) benefits through the aforementioned automobile insurance policy with the Defendants.

35.     Despite the permanent and/or serious nature of the injuries the Plaintiff suffered, Erie essentially denied the claim of the Plaintiff by not properly evaluating her injuries such that the same was tantamount to denying the Plaintiff's claim in its entirety.

36.     As a direct and proximate result of the actions by Erie, acting through its agents, servants and employees, the Plaintiff has suffered and will continue to suffer.

**WHEREFORE**, Plaintiff asks for the entrance of judgment in her favor against the Defendant for:

a.      Past, present and future physical pain and suffering;

b.    Past, present and future mental anguish;

c.    Past, present and future humiliation and embarrassment;

d.    Past, present and future inconvenience;

e.    Past, present and future impairment of Plaintiff's ability to enjoy life;

f.    Past, present, and future impairment of Plaintiff's ability to enjoy hobbies and recreational pursuits; and

g.    Other incidental damages in the amount yet to be determined.

## COUNT TWO – BAD FAITH VIOLATION OF UNFAIR
## INSURANCE PRACTICES ACT PURSUANT TO TITLE 42Pa. C.S. SECTION 8371

37.    The averments set forth in paragraphs 1 through 36 are incorporated by reference hereto as if more fully set forth herein.

38.    There is no common law remedy under Pennsylvania law for bad faith on the past of an insurer. *Polselli v. Nationwide Mut. Fire Ins. Co.,* 23 F.3d. 747, 750 (3d Cir. 1994). However, the Pennsylvania legislature has created a statutory remedy for bath faith conduct. 42 Pa. C.S.A. §8371. Section 8371 reads that: in an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) award interest in the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%; (2) award punitive damages against the insurer; and, (3) assess court costs and attorney fees against the insurer.

39.    The Third Circuit, in *Polselli*, explored the meaning of "bad faith" in §8371. The Court noted that Section 8371 does not define the term "bad faith" and turned to the rules of statutory interpretation to determine its meaning. The Pennsylvania rules of statutory construction provide that words and phrase that "have acquired a peculiar and appropriate meaning . . . shall be construed according to such peculiar and appropriate meaning . . . ." 1 Pa.

Con. Stat. Ann §1903 (Supp. 1992). In the insurance context, the term "bad faith" has acquired a peculiar and universally acknowledged meaning: *Insurance*. "Bad faith" on part of an insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith. Black's Law Dictionary 139 (6th Edition). Thus, only mere negligence on the part of the insurer is insufficient to constitute bad faith; recklessness, however, can support a finding of bad faith. Therefore, a plaintiff must ultimately establish that defendant's denial of his claim was unreasonable, and that the insurer acted with knowledge or reckless disregard of the lack of a reasonable basis for the failure to pay a claim. *Montgomery v. Federal Ins. Co.,* 836 F. Supp. 292, 298 (E.D. Pa. 1993).

40.     Under Pennsylvania law, an insurer owes a duty of good faith to its insured. *Parasco v. Pacific Indemnity Co.,* 870 F. Supp. 644, 645 (E.D. Pa. 1984) (citing *Fedas v. Insurance Co. of Pennsylvania,* 300 Pa. 55, 151 A. 285, 286-87 (Pa. 1930)). This duty of good faith includes the duty to investigate a claim fairly and objectively, along with the obligation to reject claims only with good cause. *Parasco,* 870 F. Supp. At 646 (citing *Diamon v. Penn Mut. Fire Ins. Co.,*274 Pa. Super. 534, 372 A.2d 1218, 126 (Pa. Super. 1977)).

41.     At all relevant times herein, the actions of Defendant and all other known or unknown person acting on its behalf involved in the handling of the Plaintiff's claim, occurred when such persons acted as the agents, servants, and /or employees of the Defendant.

42.     Defendant is liable over to the Plaintiff for the conduct of its agents, servants and employees under respondent superior.

43.     Here, the Defendant acted in bad faith and in reckless disregard for the Plaintiff's rights under the policy when it failed to properly investigate and pay the same. There is no good cause, as prevailing case law mandates, for the Defendants to woefully undervalue the Plaintiff's claim.

44.     Defendant has forced its insured, the Plaintiff, to institute litigation to recover monies properly owed to her under the aforesaid policy of insurance.

45.     Defendant has failed to investigate and pay this claim promptly.

46.     Defendant failed to properly supervise its agents, servants, and/or employees in their review and assessment of the Plaintiff's claim in this matter.

47.     Defendant failed to institute procedures and/or failed to enforced the procedures to ensure the properly and timely handling of the Plaintiff's claim.

48.     Defendant failed to properly manage and resolve Plaintiff's UIM claim and instead, caused reasonable, unnecessary, and prejudicial delay.

49.     Defendant and the actions of its agents, servants, and employees are in violation of 42 Pa. C.S. Section 8371 and the corresponding administrative regulations.

50.     The Plaintiff has been caused to suffer, and continues to suffer damages as a direct and proximate result of the conduct of the Defendant and its agents, servants, and employees and the violations of Title 42 Pa. C.S. Section 8371.

**WHEREFORE**, Plaintiff asks for the entrance of judgment in her favor against the Defendant for:

a.     Past, present and future physical pain and suffering

b.     Past, present and future mental anguish;

c.     Past, present and future humiliation and embarrassment;

d.  Past, present and future inconvenience;

e.  Past, present and future impairment of Plaintiff's ability to enjoy life;

f.  Past, present and future impairment of Plaintiff's ability to enjoy hobbies and recreational pursuits;

g.  interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%;

h.  punitive damages; and

i.  Other incidental damages in the amount yet to be determined.

Respectfully submitted,

Michael P. Zunder, Esquire
PA ID No. 64508